# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### EASTERN DIVISION

MONTIE ARRINGTON,                    )
                                     )
            Plaintiff,               )
                                     )
vs.                                  )            NO.   04-1059 An
                                     )
UNITED STATES OF AMERICA,            )
                                     )
            Defendant.               )

---

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

Before the Court is Defendant's Motion for Summary Judgment filed on August 1, 2005.

For the reasons set forth below, the Motion is **GRANTED.**

### BACKGROUND

Plaintiff brought this action against the United States of America under the Federal Tort

Claims Act for injuries she incurred as a result of a fall in the lobby of the Milan, Tennessee

United States Post Office.  According to Plaintiff, it had been raining in Milan, Tennessee on

June 7, 2001, when she arrived at the Post Office sometime between 8:30 a.m. and 9:30 a.m.

Plaintiff walked up the outside front stairs, opened the double doors leading into the Post Office

lobby, and stepped into the front vestibule.  As she did so, Plaintiff alleges that she slipped and

fell due to water that had accumulated on the floor just inside the doors.  As she fell, Plaintiff's

knee hit a bench and the radiator and her back hit the floor.  Further, Plaintiff claims that the mat

placed on the floor of the vestibule to prevent people from falling was "scooted in under the radiator" and was not flush with the vestibule door threshold.  Pl.'s Depo. p. 14, L. 14. Additionally, Plaintiff alleges that there was no warning sign or other indication that the floor of the vestibule was wet.

As a result of her fall, Plaintiff claims she suffered a torn medial meniscus which required surgery.  She later contracted a staff infection in her leg because of this surgery and had to undergo incision and drainage of her knee.  Ultimately, Plaintiff had to have a total knee arthroplasty to repair the damage she suffered as a result of her fall at the Post Office.

Plaintiff sued the Defendant, claiming that it owed her a duty to make reasonable inspections to discover the dangerous condition of the wet floor that caused her injuries and to thereafter make that dangerous condition safe.  Plaintiff contends that Defendant breached its duty to her by failing to make the dangerous condition safe and that this breach was the actual and proximate cause of her injuries.  Specifically, Plaintiff alleges that Defendant knew or should have known of the dangerous condition caused by the water on the floor of the Post Office vestibule.

## SUMMARY JUDGMENT STANDARD

When jurisdiction of a federal civil action is based upon a federal question, the summary judgement standard to be applied is that found in Federal Rule of Civil Procedure 56.[1]  *Martin v.*

---

[1] Although the Plaintiff's Response is premised upon the Tennessee summary judgment standard, the "Federal Rules of Civil procedure are the rules of practice which apply to civil actions in the federal courts." *Gafford*, 997 F.2d at 166 (quoting *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 459 (6th Cir. 1986)).  Thus, because "[s]ummary judgment is a procedural device for deciding a case without the necessity of a full-blown trial," it is governed by the Federal Rules of Civil Procedure and not that of the state in which the federal court sits. *Id.*

*Wal-Mart Stores, Inc.*, 2005 U.S. App. LEXIS 24404, *4, n.1 (6ᵗʰ Cir. 2005); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 166 (6ᵗʰ Cir. 1993).  Under Rule 56(c), summary judgment is proper "if . . . there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1989).

## ANALYSIS

Plaintiff brings this action against Defendant under the Federal Tort Claims Act ("FTCA") which is a limited waiver of sovereign immunity for the United States and renders it liable in tort. *United States v. Taylor*, 236 F.2d 649 (6ᵗʰ Cir. 1956); *Dyer v. United States*, 96 F. Supp. 2d 725 (E.D. Tenn 2000).  When analyzing a claim under the FTCA, the Court is to apply the substantive law of the state where the act or omission occurred.  *Massachusetts Bonding & Insurance Co. v. United States*, 352 U.S. 128 (1956).  Therefore, in the present case, the Court will apply Tennessee substantive law, namely that of premises liability.

Tennessee premises liability requires business owners or operators to use due care under all the circumstances to ensure that their premises are maintained in a reasonably safe and suitable condition for business invitees. *Blair v. West Town Mall*, 130 S.W.3d 761, 764 (Tenn. 2004) (citing *Martin v. Washmaster Auto Ctr., U.S.A.*, 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996)).  They are not, however, insurers of their customers' safety.  *Id.*  In order for a business owner or operator to be held liable for negligence in allowing a dangerous or defective condition

3

to exist on his or her premises, the plaintiff must prove the traditional elements of negligence, duty, breach, causation, and damages, and must also show that one of two additional elements is present. She must show that the condition was caused or created by the owner, operator, or his agent or she must show that the owner or operator had actual or constructive notice that the condition existed prior to the accident if the condition was caused by someone else. *Id.* (citing *Martin*, 946 S.W.2d at 318); see also *Ogle v. Winn-Dixie Greenville, Inc.*, 919 S.W.2d 45, 47 (Tenn. Ct. App. 1995); *Jones v. Zayre, Inc.*, 600 S. W.2d 730, 732 (Tenn.Ct. App. 1980).

Actual notice can be established if the plaintiff can show that the defendant caused or created the dangerous condition or that defendant's agents or employees actually observed the condition but failed to correct it. *Id.* Constructive notice can be established in one of two ways. Plaintiff can either show that the dangerous or defective condition existed "for such a length of time that the defendant, in the exercise of reasonable care, should have become aware of the condition" or that there exists a "pattern of conduct, a recurring incident, or general or continuing condition indicating the dangerous condition's existence." *Id.* at 764-766; see also *Worsham v. Pilot Oil Corp.*, 728 S.W.2d 19, 20 (Tenn. 1987); *Simmons v. Sears, Roebuck & Co.*, 713 S.W.2d 640, 641 (Tenn. 1986).

In this matter, the Defendant seeks summary judgment because it claims Plaintiff is unable to prove an element essential to her case. Specifically, Defendant claims that Plaintiff has failed to establish any facts sufficient to charge the Post Office or any of its employees with actual or constructive notice of the dangerous condition presented by the wet floor. In support, the Defendant has provided the affidavits of four employees who were working at the time of the incident. These employees state that they were without actual notice that water had collected

4

inside the door way into the vestibule because they had not created this condition nor had they observed that any water present.[2]  Additionally, the employees claim they were without constructive notice because, at most, the condition had existed for less than an hour and a half, nor had there been a similar incident for at least the prior twenty years which would have put the Post Office on notice that the dangerous condition existed when it rained.[3]  Without such notice, Defendant claims it cannot be held liable because it has not breached any duty of care to the Plaintiff.  Plaintiff attempts to dispute this by alleging that Defendant failed to present evidence that specifically negates Plaintiff's claim that the mat in the vestibule was not in a position to prevent someone from slipping when the floor became wet and her claim that the sign warning of a wet floor was not in place on the morning of the incident.

Once the party moving for summary judgment has affirmatively negated an essential element of the non-moving party's claim (i.e. lack of constructive notice), the burden shifts to the non-moving party to set forth specific facts that establish the existence of the disputed material fact that must be resolved by the trier of fact.  Therefore, Plaintiff's argument that Defendant has not presented evidence concerning the location of the mat and the presence or absence of a warning sign is not persuasive.  The dangerous condition that could give rise to liability on the part of the Defendant is that water had collected on the floor inside the vestibule, not whether the mat was always near the entrance or whether the warning sign was in place.  Arguably, the

---

[2]The Plaintiff does not contend or offer any evidence that the Defendant had actual notice of any dangerous condition.

[3]In his affidavit, Mr. Dwayne Vinson states that he has been employed at the Post Office as custodian for approximately twenty (20) years, and that this is the first time that anyone has allegedly fallen as the result of water tracked into the vestibule.

Plaintiff's affidavit raises one possible issue of material fact. This is her assertion that she had witnessed the mat out of place on other occasions. She does not, however, state whether she witnessed this prior to the incident and whether it was raining or the floor was wet when she witnessed it.

Defendant, on the other hand, has submitted the aforementioned affidavit of Dwayne Vinson ("Vinson"), the custodian at the Post Office for approximately twenty (20) years. In his affidavit, Vinson states that he arrives at work at 7:30 a.m. Monday through Friday and his first activity is to inspect and clean the lobby and vestibule. According to Vinson, the mat was always positioned next to the doors and he regularly monitored the vestibule. If he observed a condition that needed to be taken care of during the work day, he would undertake corrective action such as sweeping or mopping and, in inclement weather, he inspects customer areas more frequently. Thus, on the day of Plaintiff's fall, Vinson had checked the vestibule not more than an hour and half prior to her arrival at the Post Office and had not observed any water on the floor nor was the mat out of position. Further, Vinson states that there have been no prior instances of water on the floor of the vestibule when it rains and Plaintiff's fall due to such a condition is the only one he can remember seeing or hearing about in his twenty (20) years as custodian.[4]

## CONCLUSION

Plaintiff has not presented sufficient proof to charge the Defendant or any of its

---

[4]It is also worth noting that Vinson was never notified that a fall had occurred on June 7, 2005, nor does any record show that Plaintiff reported her fall to the employees at the Post Office. In fact, although Plaintiff claims that she reported the fall to Post Office officials, the officials deny that such a report was made and the supervisor Plaintiff claims to have talked to was not even present on that day. Thus, the Defendant's first notice of the dangerous condition was six months after the fall when Plaintiff filed the instant action.

employees with actual notice that the floor of the vestibule was wet prior to Plaintiff's fall.  Nor has Plaintiff presented facts to the Court which would raise the possibility that Defendant or its employees had constructive notice of the dangerous condition inside the vestibule.  If the floor was wet on the morning of the incident, it had been wet for less than an hour and a half.  Further, Defendant has shown that none of its employees had actual notice of the dangerous condition, that this is the first time in twenty (20) years that water has collected on the floor of the vestibule during a rain shower and that this is the first time in twenty (20) years that anyone has fallen due to this condition.

**THEREFORE**, because the Defendant has demonstrated that no genuine issue of material fact exists as to an essential element of Plaintiff's claim on which the Plaintiff would bear the burden of proof at trial, the Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED.**

S. THOMAS ANDERSON
UNITED STATES MAGISTRATE JUDGE

Dated: December 22, 2005

7

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 19 in case 1:04-CV-01059 was distributed by fax, mail, or direct printing on December 22, 2005 to the parties listed.

Michael L. Weinman
WEINMAN & ASSOCIATES
114 S. Liberty St.
Jackson, TN 38302

Gary A. Vanasek
U.S. ATTORNEY'S OFFICE
200 Jefferson
Suite 811
Memphis, TN 38103

Conny Davinroy Beatty
U.S. Postal Service
P.O. Box 66640
St. Louis, MO 63166--664

Honorable S. Anderson
US DISTRICT COURT